# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                          **CAUSE NO. 1:19CR110-LG-JCG-1**

**JANETTE MARIE ASPLUND**

### ORDER DENYING DEFENDANT'S "MOTION FOR A REDUCTION OF SENTENCE PURSUANT TO 18 USC 3742(e) POST SENTENCING REHABILITATION"

**BEFORE THE COURT** is the [33] "Motion for a Reduction of Sentence pursuant to 18 USC 3742(e) Post Sentencing Rehabilitation" filed by Janette Marie Asplund. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that Asplund's Motion should be denied.

## DISCUSSION

Asplund pled guilty to one count of sale of a firearm to a prohibited person, and she was sentenced to fifty-seven months' imprisonment and three years' supervised release. She filed the present Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3742(e). She alleges that the Bureau of Prisons has failed to apply the appropriate First Step Act Credits to her sentence due to a faulty auto-calculation system.

The statutory provision under which Asplund seeks relief provides:

Upon review of the record, the court of appeals shall determine whether the sentence--
(1) was imposed in violation of law;
(2) was imposed as a result of an incorrect application of the sentencing guidelines;
(3) is outside the applicable guideline range, and

> (A) the district court failed to provide the written statement of reasons required by section 3553(c);
> (B) the sentence departs from the applicable guideline range based on a factor that--
>> (i) does not advance the objectives set forth in section 3553(a)(2); or
>> (ii) is not authorized under section 3553(b); or
>> (iii) is not justified by the facts of the case; or (C) the sentence departs to an unreasonable degree from the applicable guidelines range, having regard for the factors to be considered in imposing a sentence, as set forth in section 3553(a) of this title and the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or
>
> (C) the sentence departs to an unreasonable degree from the applicable guidelines range, having regard for the factors to be considered in imposing a sentence, as set forth in section 3553(a) of this title and the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or
> (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(e). This provision "provides objectives for the court of appeals to consider when reviewing the record in such an appeal, including whether the sentence incorrectly applied the sentencing guidelines, departed to an unreasonable degree from the guidelines, or was plainly unreasonable." *United States v. Harper*, No. 15-10155-01-JTM, 2020 WL 599773, at *1 (D. Kan. Feb. 7, 2020). It does not permit a district court to review a final sentence. *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993). As a result, this Court cannot grant Asplund relief pursuant to this provision.

Asplund also cites *Pepper v. United States*, 562 U.S. 476 (2011), in support of her claim that she is entitled to a reduced sentence due to post-sentencing rehabilitation. However, this case only permitted a district court to consider

evidence of post-sentencing rehabilitation during resentencing after the defendant's initial sentence was set aside on appeal. *Id.* at 490. Asplund's sentence has not been set aside on appeal; therefore, the *Pepper* decision does not support her arguments.

It appears that Asplund seeks relief that may only be granted, post exhaustion of administrative remedies, pursuant to 28 U.S.C. § 2241, which pertains to challenges to the manner in which a sentence is carried out. Asplund has not named the appropriate respondent, provided all of the information required to proceed under § 2241, or paid the filing fee. In addition, § 2241 petitions must be filed with the district court located in the same district where the petitioner is incarcerated, so her claims have been filed with the wrong court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).[1] As a result, the Court will direct the Clerk to mail Asplund a § 2241 form and an application to proceed in district court without prepaying fees and costs so that she can file the form(s) with the appropriate court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [33] "Motion for a Reduction of Sentence pursuant to 18 USC 3742(e) Post Sentencing Rehabilitation" filed by Janette Marie Asplund is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of Court shall mail Asplund a § 2241 form and an application to proceed in district court

---

[1] According to the Bureau of Prisons website, Asplund is currently incarcerated at FPC Alderson in Alderson, West Virginia, which is located in the Southern District of West Virginia.

without prepaying fees and costs (long form) so that she can file the form(s) with the appropriate court.

**SO ORDERED AND ADJUDGED** this the 19th day of January, 2023.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE